On Petition for Rehearing.
THORNAL, Justice.
By their nineteen-page petition for rehearing appellees suggest that we, mirabile dictu, have disposed of this cause by an opinion without precedent which is not to be regarded as precedent. It is urged that our judgment has its provenance in casuistry rather than in the soundness of its judicial conclusions. By invectives injected with professional courtesy it is mildly suggested that our opinion not only lacks reason but that it is somewhat short when measured by the standards of common sense.
We overlook the verbosity and levity of the petition which condemns it as a violation of Supreme Court Rule 45, 31 F.S.A. We cannot overlook the accusation that our judgment was induced by concepts of pragmatism rather than controlling principles of law.
Admittedly we were here dealing with a novel and, we hope, unusual situation. If our conclusions appear to be without precedent, the result could have come about by the failure of the parties to suggest supporting precedents for their respective positions in their briefs. We might add that in our judgment the twenty-six additional authorities cited in the petition for rehearing, running the gamut from. Macklin’s Love a La Mode to Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256, similarly do little to detract from the confusion generated by the original complaint.
In sum, a sympathetic examination of the petition for rehearing confirms our conviction that our original opinion is both legally sound and equitably just. The ingenuity and additional research of admittedly able counsel has failed to convince us that our judgment is the product of either “hocus-pocus” or “legerdemain” as appellees so earnestly contend. On the con-' trary, it seems clear that the petition for rehearing must be and it is hereby—
Denied.
' TERRELL, C. J., HOBSON, J., and LOPEZ, Associate Justice, concur.